IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-20257

Summary Calendar

_____

MARTIN LEAL,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-3052)

_____

September 12, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Martin Leal failed to timely appeal the district court's judgment affirming the denial of his disability benefits. Because of this failure, this appeal is limited to a review of the district court's denial of Leal's motion to amend the judgment under Fed. R. Civ. P. 60(b).

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We affirm. A district court abuses its discretion in refusing to grant relief under Rule 60(b) only in the rare case. First Nationwide Bank v. Summer House Joint Venture, 902 F.2d 1197, 1200 (5th Cir. 1990). The court below did not abuse its discretion here. Leal has already filed one application for disability benefits for at least some of the time period covered by this application; that application was denied, and the denial is now final. To the extent that Leal seeks disability benefits prior to December 21, 1987, he is barred by the doctrine of res judicata. See United States v. Utah Construction & Mining Co., 384 U.S. 394, 421-22 (1966). Because Leal has raised nothing other than a conclusory constitutional argument, the doctrine of Califano v. Sanders, 430 U.S. 99, 107-08 (1977), does not apply. See Brandyburg v. Bowen, 803 F.2d 808, 810 (5th Cir. 1986).

To the extent that Leal seeks disability benefits post December 31, 1987, he may not recover because his insured status expired on that date. See Ivy V. Sullivan, 898 F.2d 1045, 1048 (5th Cir. 1990).

AFFIRMED.